# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba LOGAN REGIONAL HOSPITAL,<br><br>Plaintiff,<br>v.<br><br>CITIBANK NMTC CORPORATION and ANTHEM BLUE CROSS AND BLUE SHIELD,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION**<br><br>Case No. 2:18-cv-695<br><br>District Judge Jill N. Parrish |

This matter comes before the court on a motion to dismiss filed by defendants Citibank NMTC Corporation ("Citi") and Anthem Blue Cross and Blue Shield ("Anthem") on November 9, 2018. (ECF No. 8). Plaintiff IHC Health Services, Inc. ("IHC") responded in opposition on December 7, 2018 (ECF No. 19). Defendants replied on December 21, 2018. (ECF No. 23). On the basis of the parties' briefs, a review of relevant law, and for the reasons below, defendants' motion to dismiss is granted.

## I. BACKGROUND

Citi sponsors and is the named administrator of a group health plan regulated by the Employee Retirement Income Security Act ("ERISA"). Citi contracts with Anthem for Anthem to provide claims administration services to the plan's participants and beneficiaries. J.O., a beneficiary of the plan, received spinal cord stimulation to treat pain caused by degenerative joint disease at IHC's Logan Regional Hospital in September and October of 2015. Before the procedure, J.O. executed a Consent and Condition of Service form containing an assignment of

benefits ("AOB") provision that assigns to IHC the benefits owed to J.O. under any insurance policy.[1]

IHC billed $56,471.80 for J.O.'s treatment. Anthem paid $20,668.67, but denied the remainder on grounds that the treatment was not medically necessary. IHC appealed, but Anthem did not alter its initial determination. In 2016, IHC sent two requests for the summary plan description and the plan document, but erroneously sent those requests to a claims administration entity not connected to this plan. On July 6, 2018, IHC sent a request for that same information to Anthem, but received no response.

On September 4, 2018, IHC filed a complaint asserting three causes of action under ERISA: (1) for recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B); (2) for breach of fiduciary duty under § 1132(a)(2); and (3) for statutory penalties for failure to provide plan information as requested under § 1132(c)(1). Defendants seek dismissal of the second and third causes of action.

## II. ANALYSIS

In response to defendants' motion, IHC concedes that it cannot maintain its breach of fiduciary duty claim "because it is duplicative of the first cause of action for plan benefits."[2]

---

[1] In general, when a Rule 12(b)(6) movant seeks to rely on documents or other evidence outside the complaint, the court will either exclude those materials or, with proper notice and an opportunity for the non-movant to respond, convert the motion into a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). However, there is a limited exception to this rule under which "[c]ourts are permitted to review documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013) (internal quotation marks omitted). Here, the AOB is referred to in the complaint, is central to IHC's ability to even assert this ERISA action, and neither party has called its authenticity into question. Accordingly, the court will consider the AOB for purposes of this motion.

[2] Having observed plaintiff's counsel concede the nonviability of this claim in other cases, the court reminds plaintiff's counsel of their obligations—when drafting a complaint and at each

(ECF No. 19 at 2). Thus, IHC's second cause of action is dismissed, and the court need only resolve defendants' motion insofar as it seeks dismissal of IHC's third cause of action.

IHC's third cause of action seeks statutory penalties under § 1132(c)(1), which provides that:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . by mailing the material requested . . . within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal . . . .

§ 1132(c)(1).

Defendants contend that IHC—a healthcare provider that is neither a beneficiary nor a participant of the plan—does not have standing to assert a claim for statutory penalties. Defendants further argue that even if IHC possessed derivative standing to bring that claim by virtue of a valid assignment of benefits, all of IHC's requests for plan information were sent either to third parties with no connection to the plan, or to Citi's claims administrator, Anthem. Thus, defendants argue, the plan's named administrator, Citi, has received no request for plan information, and therefore cannot be liable under § 1132(c)(1).

As explained below, the court agrees with defendants that IHC has no standing to assert this claim. As a result, the court does not reach defendants' argument regarding substantive liability under subsection (c).

---

subsequent stage of a federal proceeding—under Rule 11 of the Federal Rules of Civil Procedure.

### A. IHC IS WITHOUT STANDING TO ASSERT A CLAIM UNDER § 1132(C)(1)

Though the Tenth Circuit has taken no precedential position on this matter,[3] the clear consensus of the courts of appeals is that "when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under [§ 1132(a)(1)(B)]." *N. Jersey Brain & Spine Ctr. V. Aetna, Inc.*, 801 F. 3d 369, 372 (3d Cir. 2015); *see Brown v. BlueCross BlueShield of Tenn., Inc.*, 827 F.3d 543, 547 (6th Cir. 2016); *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz, Inc.*, 770 F.3d 1282, 1289 (9th Cir. 2014); *Rojas v. Cigna Health & Life Ins. Co.*, 793 F.3d 253, 258 (2d Cir. 2015). But the fact that a beneficiary can transfer his interest in money he is owed under a health benefits plan does not necessarily mean that a cause of action under the ERISA provision penalizing administrators that fail to provide plan information upon request is similarly alienable.

And even if there were no legal impediment to the assignment of claims brought under § 1132(c)(1), the AOB at issue here, as a matter of straightforward contractual interpretation, did not effect such an assignment:

> **Assignment of Benefits—Attorney-In-Fact.** By signing below, I hereby assign and transfer to the Facility, and to any other health care provider for whom Facility bills, the benefits of any insurance policy or other arrangement that may provide payment for some or all of my care. I also authorize and appoint the Facility and anyone it may designate as my attorney-in-fact for the purposes of communicating, appealing, negotiating, or otherwise pursuing in its discretion any or all legal remedies with any insurance company, group, organization, entity or any other payer to obtain payment for the Facility for the services that were provided to me.

---

[3] In an unpublished opinion, the Tenth Circuit endorsed the propriety of derivative standing for healthcare providers possessing a valid assignment of benefits. *See Denver Health & Hosp. Auth. v. Beverage Distribs. Co., LLC*, 546 F. App'x 742, 745 (10th Cir. 2013) ("'[H]ealthcare providers . . . generally are not considered beneficiaries or participants under ERISA and thus lack standing to sue' unless they have 'a written assignment of claims from a patient with standing to sue under ERISA.'" (alterations in original) (quoting *Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1301–02 (11th Cir. 2010))).

(ECF No. 8-1 at 1). While this AOB undeniably assigned to IHC any benefits owed to J.O. under the terms of the plan,[4] the scope of the assignment does not extend any further. Indeed, it contains no language indicating that the parties intended to accomplish the transfer of J.O.'s prospective cause of action for Citi's failure to produce plan documents within thirty days of a request. *See Sanctuary Surgical Centre, Inc. v. Aetna Inc.*, 546 F. App'x 846, 852 (11th Cir. 2013) (finding, on the basis of a similar assignment agreement, that healthcare provider had no standing to assert a claim under § 1132(c)(1), remarking that "[t]he plaintiffs' contention stretches beyond its breaking point the plain meaning of the agreement, which assigns only the right to receive benefits and not the right to assert claims for . . . civil penalties").

In short, the AOB does no more than: (1) assign to IHC any benefits owed to J.O. "for some or all of [her] care"; and (2) authorize IHC to employ "any or all legal remedies . . . to obtain payment . . . for the services that were provided to [her]." As a result, IHC does not have derivative standing to assert a claim under § 1132(c)(1), and thus the third cause of action asserting that claim must be dismissed.

### III.  ORDER

For the reasons articulated, defendants' motion to dismiss (ECF No. 8) is **GRANTED.** IHC's second and third causes of action are **DISMISSED.**

Signed August 8, 2019

                                               BY THE COURT

                                               *Jill N. Parrish*

                                               _____

---

[4] Defendants concede as much, explaining that they have not sought dismissal of the claim for benefits due under the plan because IHC stands in J.O.'s shoes for purposes of that claim.

Jill N. Parrish
United States District Court Judge